UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH MALLOY WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>COWLITZ COUNTY DIKING SERVICE,<br><br>Defendant. | Case No. 3:23-cv-05785-TMC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS |

This matter comes before the Court on Defendant Cowlitz County Diking Service's ("Cowlitz County") renewed motion to dismiss. Dkt. 24. After Cowlitz County originally moved to dismiss (Dkt. 4) on November 13, 2023, pro se Plaintiff Joseph Malloy Watkins filed a motion for summary judgment (Dkt. 29) and a motion to consolidate cases (Dkt. 32).

Upon review of the parties' briefing, the record, and applicable law, the Court GRANTS Cowlitz County's renewed motion to dismiss (Dkt. 24) and will also address why Mr. Watkins's motions (Dkt. 29, 32) are DENIED in the Order below.

## I. BACKGROUND

### A. Mr. Watkins's Original Complaint

On August 31, 2023, Mr. Watkins filed his complaint against Cowlitz County alleging that the County was wrongfully preventing access to his property by blocking public parking

near an access road. Dkt. 1 at 5. Mr. Watkins stated that he owns property along the Columbia River, accessible only by parking on a public road and then walking on an access road that runs along a dike. *See id*. He alleges that Cowlitz County placed boulders on "the nearest public road" available for parking and erected "No Trespassing" signs in the area. *Id*. He further asserted that "friends" of the County "are still allowed to use the area" but he is not because the County "just do[es] not like" him or having his cars parked "[n]ear the dike road." *Id*. Mr. Watkins asked the Court to order Cowlitz County to build a road leading to his property. *Id*.

Cowlitz County moved to dismiss on November 13, 2023. Dkt. 4. The County asserted that Mr. Watkins did not establish federal subject matter jurisdiction or assert any claims upon which relief may be granted. *Id.* at 2–3. On December 6, Mr. Watkins responded claiming that the United States Army Corps of Engineers constructed the dike and access road at issue, meaning that both are "the property of all U.S. citizens." Dkt. 12 at 2. He described the County's blockage of parking access as a "taking," noting that he must now "travel nine miles on the Columbia river to enjoy his properties." *Id*. at 3. He argued that this violated state law and was also a violation of his civil rights and due process under the Fourteenth Amendment. *Id*. at 4.

**B. The Court gave Mr. Watkins the opportunity to articulate cognizable claims.**

On January 9, 2024, the Court granted Cowlitz County's motion to dismiss, but also gave Mr. Watkins leave to amend his complaint because, liberally construed, his pro se briefing demonstrated an intention to raise federal claims based on procedural due process under the Fourteenth Amendment and the takings clause of the Fifth Amendment. Dkt. 15. The Court later extended Mr. Watkins's time to amend his complaint no later than March 29, 2024. Dkt. 21. Mr. Watkins filed his amended complaint on March 28 (Dkt. 22) and Cowlitz County renewed its motion to dismiss on April 9. Dkt. 24. Mr. Watkins responded and the County replied. Dkt. 26, 27, 30.

**C. Mr. Watkins's Other Motions**

Additionally, on May 8, Mr. Watkins filed a document styled a "motion for summary judgment" where he requested the Court enter a "summary judgment" that counsel for Cowlitz County violated "Rule # 9-11-56G" in its motion to dismiss briefing. *See* Dkt. 29. Mr. Watkins also moved to combine this federal case with a state court action against him, alleging that the state court action was brought by Cowlitz County to "get rid of [him] completely." Dkt. 32.

## II. LEGAL STANDARD

**A. Rule 12(b)(6) Motions to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for lack of a cognizable legal theory or the "absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). In other words, the Court will test the legal sufficiency of the claims made in the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In doing so, the Court accepts all factual allegations as true and draws all reasonable inferences in favor of the nonmoving party when evaluating a Rule 12(b)(6) motion. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). The Court must liberally construe a pro se plaintiff's pleadings and afford him "the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

However, the Court does not assume the truth of legal conclusions presented as facts (see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) and mere conclusory statements—such as stating that the elements of a claim are met without providing supporting factual allegations—are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A liberal construction of a pro se complaint [. . .] does not mean that the court will supply essential elements of a claim that are

absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

### B. Leave to Amend

When granting a motion to dismiss, a district court should generally provide leave to amend unless it is clear the complaint could not be saved by amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," amendment will not be allowed if it would be futile. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

### A. Mr. Watkins's amendment omits legal theories and elements.

Construed liberally, Mr. Watkins's response to the County's first motion to dismiss appeared to identify two federal legal theories he intended to pursue: (1) he was denied procedural due process under the Fourteenth Amendment and (2) he was injured by a government taking under the Fifth and Fourteenth Amendments. *See* Dkt. 12 at 4–5. Mr. Watkins appeared to argue that Washington state law grants a property interest in his ability to access his land, an ability that he contended Cowlitz County has blocked. *See id*. at 4. He also characterized the County's actions preventing him from accessing his property as a "taking." *Id*. at 3.

While Mr. Watkins's claims were not sufficiently stated in his complaint, the Court gave him leave to amend to fix deficiencies in his legal theories and allege sufficient facts to support them. *Boquist*, 32 F.4th at 774. Mr. Watkin's amended complaint does not remedy those deficiencies. Instead, his amendment adds facts and allegations without relevance or application to cognizable claims under the Fifth or Fourteenth Amendments. For example, Mr. Watkins's amended complaint alleges that Cowlitz County owns land adjacent to his and ignores the "obvious need for ingress/egress" to his land. Dkt. 22 at 2. He then suggests there "may be

evidence" that Cowlitz County's counsel violated the Ku Klux Klan Act of 1871. *Id*. He then transcribes what he alleges to be a recording of Cowlitz County executives but does not explain the relevance of these allegations to his claims. *See id*. at 3–16. Mr. Watkins also attaches meeting minutes from what appears to be the Cowlitz County Board of Supervisors related to his claims. *See id*. at 21–22.

The meeting minutes indicate that Cowlitz County agreed to move the barriers preventing Mr. Watkin's access to his land "enough to allow a car to be parked." *See id*. at 22. Mr. Watkins then proceeds to describe how he was arrested on July 21, 2023, the legal proceedings related to that arrest, *see id*. at 20, 23–42, and mentions how his automobile was vandalized without adequate investigation by Cowlitz County police. *Id*. at 41. These allegations do not advance any cognizable legal claims or theories. *Compare* Dkts. 1, *and* 12, *with* Dkt. 22.

The Court previously explained the elements of the two potential federal claims raised in Mr. Watkins's response to the first motion to dismiss. *See* Dkt. 15 at 5–6. A procedural due process claim under 42 U.S.C. § 1983 requires sufficient allegations plausibly establishing three elements: (1) a liberty or property interest protected by the constitution, (2) a deprivation of that interest by the government, and (3) lack of process, *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). For a takings claim, the plaintiff must show that the government has taken his private property "for public use, without just compensation." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019). Despite the Court giving him repeated opportunities to do so, *see* Dkt. 15–21, Mr. Watkins's amended complaint does not make allegations that support elements of either claim. *See generally* Dkt. 22.

While the Court liberally construes pro se complaints, it will not supply litigants with "essential elements of a claim." *Boquist*, 32 F.4th at 774 (citing *Litmon*, 768 F.3d at 1241). Cowlitz County's motion to dismiss is therefore granted. And although pro se complaints are

held to "less stringent standards than formal pleadings drafted by lawyers," nonviable claims cannot be saved by amendment. *Haines*, 404 U.S. at 520. After receiving an opportunity to amend his complaint, with repeated extensions, Mr. Watkins still has not alleged either cognizable legal theories or facts to support those theories. The Court will accordingly dismiss the case with prejudice and without further leave to amend. *See* Fed. R. Civ. P. 15(a); *Manzarek*, 519 F.3d at 1031.

**B. The Court must deny Mr. Watkins's other motions.**

Separately, Mr. Watkins filed a document styled a "motion for summary judgment," Dkt. 29, which argues that Cowlitz County's counsel violated a "Rule # 9-11-56G" and therefore committed attorney misconduct. *See* Dkt. 29 at 1. He does not explain, and the Court cannot discern, what rule he is referring to, and a motion for summary judgment does not apply to issues of attorney conduct. *See* Fed. R. Civ. P. 56. The Court denies this motion as well.

Mr. Watkins also moved to combine a "like case" with this federal action: a "superior court action brought against [him] in a further attempt to damage [his] reputation/character and get rid of [him] completely." Dkt. 32 at 1. This Court has no legal authority or jurisdiction to combine this civil action with a state criminal matter. *See* 28 U.S.C. §§ 1331, 1367. This motion is denied.

## IV. CONCLUSION

For the reasons discussed above, Mr. Watkins's amended complaint does not remedy the deficiencies in his claims identified by the Court when granting him the opportunity to amend. *See* Dkt. 15, 22. Because Mr. Watkins does not articulate any federal claims, Cowlitz County's renewed motion to dismiss for failure to state a claim (Dkt. 24) is GRANTED. Mr. Watkins's motion for summary judgment (Dkt. 29) and motion to consolidate cases (Dkt. 32) are DENIED.

Because it is clear Mr. Watkins's claims cannot be rehabilitated with further amendment,

this case is DISMISSED WITH PREJUDICE. *See* Fed. R. Civ. P. 15(a); *Manzarek*, 519 F.3d at 1031; *Haines*, 404 U.S. at 520. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of June, 2024.

Tiffany M. Cartwright
United States District Judge