UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH MALLOY WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>COWLITZ COUNTY DIKING SERVICE,<br><br>Defendant. | Case No. 3:23-cv-05785-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |

**ORDER**

Before the Court is pro se Plaintiff Joseph Malloy Watkins's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). Dkt. 40. The Court previously granted Defendant's motion to dismiss Mr. Watkins's complaint for failure to state a claim and found that further amendment of the complaint would be futile. Dkt. 38.

Mr. Watkins requests relief under Rule 60(b)(1) and 60(b)(6). Dkt. 40 at 2. Mr. Watkins asks the Court to consider his handwritten transcript of an alleged recording incorporated into his motion. *Id*. He then restates assertions from his amended complaint that Defendant Cowlitz County pursued a plan to "get rid of" or otherwise harass him (*compare* Dkt. 22 at 25 *with* Dkt. 40 at 6) and asserts that Cowlitz County has wrongfully taken public funds and that the Washington state court has refused to investigate, *see* Dkt. 40 at 6–9. Based on his handwritten

transcript, he contends that County officials recognized he might sue them and expressed uncertainty about what his rights were to park on the contested land. *See id*. at 3–4.

Under Rule 60(b), a judgment or order may be vacated for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that could not have been discovered with reasonable diligence in time to move for a new trial, (3) fraud, misrepresentation, or misconduct of an adverse party, (4) the judgment being void, (5) the judgment being satisfied, or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). A Rule 60(b) motion is addressed to the Court's sound discretion. *Civic Ctr. Square v. Ford (In re Roxford Foods)*, 12 F.3d 875, 879 (9th Cir. 1993).

Mr. Watkins does not explain how the contentions in his motion demonstrate mistake, inadvertence, surprise, or excusable neglect with regard to his previous filings or the Court's decision on Defendant's motion to dismiss. Mr. Watkins only asserts there has been some plan to "get rid" of him because of his complaints to Cowlitz County and presents the Court with an alleged recording transcript without further explanation. *See generally* Dkt. 40. Mr. Watkins also appears to imply that unrelated actions in Washington state court amount to misconduct by Cowlitz County. *See id*. at 6–9. Neither of his assertions present a "mistake, inadvertence, surprise, or excusable neglect" by the parties, nor do they otherwise justify relief from the Court's order dismissing this case. *See* Fed. R. Civ. P. 60(b); *Lal v. Cal.*, 610 F.3d 518, 524 (9th Cir. 2010) (stating extraordinary circumstances must be present to justify relief under Rule 60(b)(6)).

Mr. Watkins's motion does not explain how Rule 60(b) applies to the contents of his motion and does not otherwise meet the requirements of the rule. Mr. Watkins's motion is DENIED. The case remains closed. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT - 2

Dated this 1st day of August, 2024.

*[signature]*

Tiffany M. Cartwright
United States District Judge